## CIRCUIT COURT OF THE CITY OF RICHMOND

Brenda Welch

v.

Enco Manufacturing Co., Inc., et al.

May 19, 1999

Case No. LE-1444-1

BY JUDGE MELVIN R. HUGHES, JR.

In this product liability case one of the three named defendants have filed a Motion for Summary Judgment or, in the Alternative, Special Plea in Bar. The plaintiff has filed a Motion to Amend the Motion for Judgment.

Plaintiff filed the Motion for Judgment on June 12, 1998, alleging that on June 13, 1996, while using a "cut-off saw" manufactured by defendant Enco Manufacturing Company, Inc., the moving party, the saw severed her left hand. This defendant asks for summary judgment on the ground that it did not come into existence until seven months after the accident. Thus, it argues, it could not have manufactured or sold the saw and cannot be liable as alleged.

For purposes of the motion, the defendant Enco admits to the possibility that the saw was sold by Enco Manufacturing Company, a separate entity. This Enco's assets were purchased under an Asset Purchase Agreement in January 1997. The defendant Enco maintains that it did not assume any of the old Enco's liabilities and that plaintiff has not alleged any facts that would impose any such liability on it under any rule.

Mindful that Enco has moved for summary judgment and raised the bar of limitation to the claim, plaintiff asserts that the right defendant is before the court. In a written motion to amend, plaintiff contends that its investigation had revealed that the defendant uses the names Enco Company, Enco Manufacturing Company, and Enco Manufacturing, Inc., interchangeably. Plaintiff also asserts that during investigation, the authorities in Illinois, the state where defendant does business, advised that there was no listing for Enco

Manufacturing Co. but did list Enco Manufacturing Co., Inc. For these reasons, plaintiff argues that the defendant should be equitably estopped from asserting that the right defendant is not before the court because the use of substantially similarly names "has led to confusion."

At the hearing on the parties' motions, plaintiff did not contest that the Enco defendant named in this case came into existence after the events described in the motion. Rather, counsel argued that the Enco defendant should be estopped from advancing that the correct defendant is not before the court and that the court should view the case as a misnomer and correct the name by an amendment. Counsel for plaintiff also spoke to the allegations in the written motion saying that investigation with the Illinois authorities suggested that the names were interchanged and that the true defendant Enco was listed as originally described and named in the motion for judgment, Enco Manufacturing, Inc. Counsel further argued that the true corporate defendant received notice anyway and should not be allowed to escape the suit by now claiming it is not the proper entity before the court.

The statute governing misnomer reads as follows:

§ 8.01-6. *Amending pleading; relation back to original pleading.* — A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

There seems to be no disagreement that the present defendant was not in existence during the time of the events described in the motion for judgment. There is also no disagreement that no basis exists for the defendant Enco's assumption of the old Enco's liabilities. So, no liability can be fixed upon it because it did not exist at the time. The question under § 8.01-6 is whether Enco Manufacturing Co. has been on notice of the proceedings "within the limitations period prescribed for commencing the action" so it can be brought

in by amendment. A second issue is whether Enco has done things to mislead and confuse relating to information given to the authorities in Illinois. The court will answer these questions in the negative.

There is no evidence to support the suggestion that Enco Manufacturing Co. has done things to mislead and confuse and thus is estopped from asserting that it should not be included now by amendment. Counsel has merely asserted these things to be true; there is no evidence to support that Enco Manufacturing Co. has done any of them to foster confusion as to its identity. Second there is no evidence that the Enco Manufacturing Co., though not named, received notice of the case within the limitations period. As noted, the case was filed one day before the statute of limitation period, two years. Plaintiff's reliance on cases that say that a defendant has a total of three years to receive notice of a lawsuit under Rule 3:3 and a two year statute of limitations is misplaced. There is no evidence that Enco Manufacturing received such notice within the limitation period contemplated by § 8.01-6. Accordingly, on the basis that the defendant Enco Manufacturing Co. is an entity which was not in existence at the time alleged and could not be liable, its motions are granted. Plaintiff's motion to amend is denied.